**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-50353
Summary Calendar

WILLIAM P. TAYLOR,

Plaintiff-Appellant,

and

WILMA M. TAYLOR,

Plaintiff,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(SA-94-CV-897)
November 16, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

The Taylors appeal the district court's order dismissing their Federal Tort Claims Act (FTCA) action with prejudice. The Taylors allege that the district court erred by dismissing their tort claims as barred by the application statute of limitations;

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

dismissing their slander, libel, and fraud claims for lack of subject-matter jurisdiction; dismissing as frivolous their claims that the Government refused to notify them of its intent to prosecute and refused to release Mrs. Taylor "as a prisoner", and their claim for damages arising out of the Government's response to a discovery request; dismissing their Freedom of Information Act claim; and by dismissing their Privacy Act claims. We have reviewed the record and the district court's opinion and find no reversible error. We do note, however, that Mr. Taylor lacks standing to bring the tort claims against the United States because his allegations fail to show an actionable interest or actual injury to himself on which a tort claim under Texas law could rest. See Johnson v. Sawyer, 47 F.3d. 716, 727 (5th Cir. 1995) (en banc); Texas Assn. of Business v. Texas Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1995); Nationwide Property and Cas. Ins. Co. v. McFarland, 887 S.W.2d 487, 490 (Tex. Ct. App. 1994); Carr v. Mobile Video Tapes, Inc., 893 S.W.2d 613 (Tex. Ct. App. 1993). We also note that dismissal of the claims for refusal to notify of intent to prosecute, refusal to release "as a prisoner" and for damages for discovery responses under 28 U.S.C. § 1915(d) was error because the Taylors are not proceeding in forma pauperis. We affirm the dismissal because the claims totally lack merit. See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981). Except as indicated, we affirm for essentially the reasons given by the district court. Taylor v. United States, No. SA-94-897 (W.D. Tex. March 20, 1995).

2

AFFIRMED.